UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

AMADOU DIA,

    Petitioner,      Case No. 1:26-cv-1054

v.            Honorable Hala Y. Jarbou

KEVIN RAYCRAFT, et al.,

    Respondents.
_____/

## **OPINION**

Petitioner Amadou Dia, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.)  In his petition, he claimed that he was entitled to release because his removal was not reasonably foreseeable.

A few days after filing the petition, Petitioner asked for a temporary restraining order (TRO) and preliminary injunction barring his imminent removal to Ghana, a country not named in his removal order, because the government had not provided him with an opportunity to challenge his removal to that country.  Petitioner claimed that removal to Ghana in these circumstances would violate federal law and his constitutional right to due process.  (Mot. for TRO, ECF No. 6.)

Construing the TRO motion as an additional basis for habeas relief, the Court granted the TRO and prohibited Petitioner's removal to Ghana "or any other third country before he has been given a full and fair opportunity to raise a fear-based claim about his removal to that country before an immigration judge."  (4/14/2026 TRO Order 7–8, ECF No. 15.)  Following additional briefing from the parties, the Court converted that TRO to a preliminary injunction.  (5/27/2026 Order,

ECF No. 20.)  Before the Court is Petitioner's request for release based on his assertion that his removal is not reasonably foreseeable.

## I.    Background

Petitioner is a native and citizen of Senegal. (Pet., ECF No. 1, PageID.1; Peng Decl. ¶ 4, ECF No. 4-1.) On March 2, 2006, Petitioner was admitted into the United States as a nonimmigrant visitor, with authorization to remain until June 2, 2006. (Peng Decl. ¶ 5, PageID.21.) Petitioner did not depart from the United States. (*Id.* ¶ 6.)

On March 2, 2007, Petitioner filed a Form I-589, Application for Asylum and Withholding of Removal. (*Id.* ¶ 7.) Though the Cleveland Immigration Court originally denied Petitioner's application and ordered him removed to Senegal, the Board of Immigration Appeals (BIA) granted Petitioner withholding of removal from Senegal and ordered Petitioner removed to Gabon. (*Id.* ¶¶ 9–11.) Petitioner then filed a Petition for Review with the United States Court of Appeals for the Sixth Circuit, which remanded Petitioner's case to the BIA, which in turn remanded the case to the Cleveland Immigration Court. (*Id.* ¶¶ 12–14.)

On November 7, 2012, an immigration judge ordered Petitioner removed to Gabon and granted Petitioner withholding of removal to Senegal. (*Id.* ¶ 15.) Petitioner did not appeal this decision. (*Id.*)

On September 17, 2025, ICE agents arrested Petitioner. (*Id.* ¶ 16.)

On October 28, 2025, the government of Gabon denied ICE's request for travel documents for Petitioner, (*id.*, ¶ 18), leading ICE to explore possible removal to a third country (*id.* ¶¶ 22–27).  Petitioner was then scheduled to be removed to Ghana in April 2026.  (*Id.* ¶¶ 32–35.)

Petitioner filed the present action on March 30, 2026.  Shortly thereafter, he sought a TRO and preliminary injunction barring his removal to Ghana.  As discussed above, the Court granted that motion, directing Respondents not to remove Petitioner to Ghana or to any other third country

"before he has been given an opportunity to challenge his removal to that country in reopened removal proceedings."  (5/27/2026 Order, ECF No. 20.)

## II.    Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.    Analysis

Petitioner contends that he is being improperly subjected to unlawful and prolonged detention, in violation of the Immigration and Nationality Act (INA) and his Fifth Amendment rights. In response, Respondents argue that Petitioner's continued detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

The parties agree that because Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231.  Section 1231 of the INA provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."  8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien."  *Id.* § 1231(a)(2)(A).

In *Zadvydas*, the Supreme Court held that after expiration of the 90-day removal period, the government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months.  *See Zadvydas*, 533 U.S. at 701.

Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id.* "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Petitioner has been detained for more than six months following the 2012 final order of removal. Petitioner argues that no significant likelihood of removal exists because, despite the government's attempt to remove him to Ghana, he is entitled to pursue his fear-based claims for relief before deportation may occur.  The Court disagrees.

The Court's preliminary injunction order requires the government to provide Petitioner an opportunity to challenge his removal to Ghana by raising a fear-based claim before an immigration judge.  If that challenge is unsuccessful, it is likely that Petitioner will be removed to Ghana in the reasonably foreseeable future.  In other words, "at this point in time, nothing in the record indicates that Petitioner is in a state of 'indefinite, perhaps permanent, detention' that the Court in *Zadvydas* said would violate the constitution."  *Barnada-Horta v. Raycraft*, No. 1:26-CV-1023, 2026 WL 1265521, at *4 (W.D. Mich. May 8, 2026) (quoting *Zadvydas*, 533 U.S. at 699); *see also Martinez v. Larose*, 968 F.3d 555, 565 (6th Cir. 2020) (holding that a detention of over two years was constitutionally permissible because the removal was likely to occur once the petitioner's appeals were concluded).

Of course, if Petitioner's challenge to being removed to Ghana succeeds, the government will have to find another country to which it can remove Petitioner.  And "as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future conversely has to shrink." *Id.* (quoting *Zadvydas*, 533 U.S. at 701) (cleaned up).  Thus, "even where the

Government continues to pursue removal in good faith, the passage of time can eventually erode the reasonableness of continued detention." *Id.* Nevertheless, at this stage, the government is still pursuing removal and the likelihood of that removal remains reasonably foreseeable. Should circumstances change or should the government's efforts "stall, Petitioner may file a new petition asserting that his continued detention is no longer reasonable." *Id.* at *5.

## Conclusion

For the reasons discussed above, the Court will enter an order denying Petitioner's habeas petition without prejudice to the extent it seeks release due to the length of his detention and the foreseeability of his removal. However, the Court will retain jurisdiction over the petition insofar as Petitioner asserts that removal to Ghana or another third country without an opportunity to raise a fear-based claim pertaining to that country is a violation of federal law and his right to due process. Thus, the preliminary injunction remains in effect.

Dated: May 28, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

5